UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES SELBY,

      Plaintiff,

v.                                                   Case No. 2:09-cv-152
                                                    HON. R. ALLAN EDGAR

PATRICIA CARUSO, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Charles Selby, an inmate currently confined at Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include Patricia Caruso, the Director of the MDOC, James MacMeekin and Jerri-Ann Sherry, the former and current Regional Prison Administrators with oversight of MBP, and Gerald Hofbauer, the warden of MBP.

Plaintiff's complaint alleges that he has been placed in administrative segregation since 1998 as punishment for repeated escape attempts, the most recent of which was in 2001. Plaintiff claims that Defendants have wrongfully kept him in administrative segregation for over 12 years and have expressed to him that he will never leave segregation despite periodic reviews of his segregation status. Plaintiff claims that he has a liberty interest in being placed in the general population of MBP, and that Defendants' refusal to fairly and impartially evaluate Plaintiff's need for continued segregation violates his procedural due process rights under the Fourteenth Amendment. Plaintiff also alleges that his continued segregation unreasonably burdens the exercise

of his religious beliefs, in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. Plaintiff is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages, as well as declaratory relief.

Presently before the Court is defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(b). Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants deny that Plaintiff has a protected liberty interest in being housed in the general population at MBP. Defendants also assert that even if Plaintiff has such an interest, he has been afforded the due process to which he is entitled. Defendants argue that Plaintiff's religious beliefs are not substantially burdened by the restrictions placed on him, and that even if he were burdened, the restrictions placed on him are the least restrictive means of accomplishing the legitimate government interest of safely incarcerating him. Finally, Defendants state that they are not subject to suits in their official capacities in federal court because such lawsuits are prohibited by the Eleventh Amendment.

Plaintiff argues that his liberty interest in being removed from administrative segregation exists in part due to the lengthy and indefinite nature of his confinement to segregation. Defendants claim that the mere length of time Plaintiff spends in segregation does not establish a protected liberty interest in and of itself. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)).

Under various circumstances, the Sixth Circuit repeatedly has found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (considering two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (involving inmate serving a life sentence who was placed in segregation after serving thirty days of detention for a misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was

found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). The Sixth Circuit has recognized that duration alone may, in extreme circumstances, cause administrative segregation to rise to the level of an "atypical and significant"deprivation that implicates a protected liberty interest. *See Harden-Bey v. Rutter*, 524 F.3d 789 (6th Cir. 2008) (holding that allegations that a prisoner has been indefinitely confined to administrative segregation for more than three years states a procedural due process claim).

Defendants move for summary judgment on the basis that Plaintiff has failed to make the required showing of a liberty interest necessary to support his Fourteenth Amendment claims. As described above, Plaintiff must show that the hardships he experiences as a result of his continued confinement to administrative segregation rise to the level of atypical and significant deprivation required by *Jones*. Plaintiff relies on *Wilkinson v. Austin*, 545 U.S. 209 (2005), where the Supreme Court held that extraordinarily restrictive conditions at Ohio's "supermax" prison, combined with the indefinite nature of the confinement to that prison, met the atypical and significant test to create a liberty interest in avoiding that prison. However, Defendants correctly distinguish Plaintiff's situation from the facts in *Wilkinson*. Clearly, the conditions at the "supermax" facility were the most restrictive possible in the Ohio prison system. In contrast, administrative segregation at MBP is not an unusual hardship compared to the segregation policies of other facilities within the MDOC. Also, placement in administrative segregation by the MDOC is not a confinement of indefinite duration like that at issue in *Wilkinson*. Rather, the MDOC has set up timely review procedures to determine whether continued confinement in administrative segregation is appropriate. Therefore, Plaintiff fails to allege a liberty interest sufficient to support a Fourteenth Amendment due process claim.

Furthermore, Plaintiff's complaint, as well as the attached documents, establish that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). It is clear from the record presented that Plaintiff has received periodical review of his administrative segregation status, and that those measures have afforded Plaintiff the process to which he is due.

Plaintiff alleges that his freedom to exercise his religious beliefs has been "substantially burdened" by his placement in administrative segregation, in violation of the First Amendment and the RLUIPA, 42 U.S.C. § 2000cc-1. Plaintiff specifically alleges that by being in administrative segregation, which prevents him from congregating with other prisoners, he is not free to participate in group worship services as commanded by his Christian beliefs. The RLUIPA states that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a

> rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

While the phrase "substantial burden" is not defined in RLUIPA, courts have concluded that a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Township of Meridian*, 258 Fed. Appx. 729, 733-34 (6th Cir., Dec. 10, 2007) (citations omitted); *see also*, *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable"); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise).

By the same token, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *see, e.g., Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water Church of God v. Charter Township of Meridian*, 258 Fed. Appx. at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761.

Plaintiff fails to allege facts demonstrating that group worship is central and fundamental to his sincerely held religious beliefs. Plaintiff states a legal conclusion that Defendants' actions "substantially burden" the exercise of his religion, mirroring the language of § 2000cc-1, and that the inability to worship with other Christians has had an adverse impact on his mental health. However, Plaintiff does not meet the substantial burden test, because he does not show how his inability to worship in a group setting represents substantial pressure to modify or violate his beliefs, as required by *Living Water*. His inconvenience and mental health problems sustained as a result of his inability to participate in group worship does not establish an actionable claim under RLUIPA, and summary judgment is appropriate for Defendants on this issue.

Defendants also aver that even if administrative segregation imposes a substantial burden on the exercise of Plaintiff's religious beliefs, placement in administrative segregation is the least restrictive means of achieving a compelling governmental interest, as permitted by § 2000cc-1(a)(1) and (2). Defendants have shown a clear governmental interest in placing Plaintiff in administrative segregation. Plaintiff has a history of escape attempts, some briefly successful, and is a convicted first-degree murderer. Plaintiff has also been charged with and found guilty of, pursuant to an administrative hearing, possession of dangerous contraband on two separate occasions. The safety and security of the prison system, as well as the protection of the general public are legitimate and compelling governmental interests which are achieved by Plaintiff's placement in administrative segregation. Defendants are entitled to summary judgment on Plaintiff's First Amendment and RLUIPA claims.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to defendants' motion for summary judgment. Accordingly, it is

recommended that defendants' motion for summary judgment (Docket # 19) be granted and this case be dismissed in its entirety.[1]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: August 20, 2010

---

[1] To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).