UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES SELBY,

    Plaintiff,

v.                                                      Case No. 2:09-cv-152
                                                      HON. R. ALLAN EDGAR

PATRICIA CARUSO,
JAMES MACMEEKIN,
JERI-ANN SHERRY, and
GERALD HOFBAUER,

    Defendants.
_____/

**MEMORANDUM AND ORDER**

      Plaintiff Charles Selby, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* federal civil rights action under 42 U.S.C. § 1983. He is imprisoned at the Marquette Branch Prison (MBP) in Marquette, Michigan. Selby is serving a life sentence for first degree murder, a two-year sentence for felony firearm, and a sentence of two to five years for attempted prison escape.

      The complaint names the following defendants: Patricia Caruso, the Director of MDOC; James MacMeekin and Jeri-Ann Sherry, the former and current Regional Prison Administrators with oversight of MBP; and Gerald Hofbauer, the Warden of MBP. These defendants are sued in both their individual capacities and official capacities.

      In his complaint, plaintiff Selby alleges that he was confined in indefinite administrative segregation since August 1998 as punishment for his repeated attempts to escape from prison, the most recent of which occurred in 2001. Because Selby was considered to be a high escape risk,

1

MDOC officials kept him in administrative segregation, separate and apart from other prisoners in the general inmate population.  Selby actually succeeded in escaping on two occasions.  On October 31, 1999, he escaped from the Huron Valley Correctional Facility by cutting a hole in the perimeter fence but he was captured five days later.  On March 26, 2001, Selby escaped from custody while he was being transported to a hospital for medical treatment.  Following a MDOC administrative hearing, Selby was found guilty of escape.

Selby claims that the defendants wrongfully kept him in administrative segregation for some 13 years.  After bringing this lawsuit, Selby was removed from administrative segregation on January 31, 2011, and placed into the Security Level V general inmate population at MBP.

Plaintiff Selby claims that keeping him in indefinite administrative segregation for some 13 years violates his procedural right to due process under the Fourteenth Amendment to the United States Constitution.  Although Selby's confinement in administrative segregation was periodically reviewed by MDOC officials at MBP, Selby claims the review process was nothing more than a sham and he has been deprived of "meaningful" reviews.  *See Harris v. Caruso*, 465 Fed. Appx. 481 (6th Cir. 2012); *Harden-Bey v. Rutter*, 524 F.3d 789  (6th Cir. 2012).

Plaintiff Selby further claims that keeping him in indefinite administrative segregation burdened his right to the free exercise of his religious (Christian) beliefs in violation of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.  More specifically, Selby asserts that he was unable to practice his religious beliefs by engaging in "group devotional worship services" with other Christians.  He seeks to recover compensatory and punitive damages, and declaratory relief.

Defendants Caruso, MacMeekin, Sherry, and Hofbauer move for summary judgment under

2

Fed. R. Civ. P. 56. [Court Doc. No. 83].  Magistrate Judge Timothy P. Greeley submits his report and recommendation that the defendants' motion for summary judgment be granted, and that plaintiff Selby's entire complaint be dismissed with prejudice. [Court Doc. No. 107]. Plaintiff Selby raises objections to the report and recommendation. [Court Doc. No. 109].

After reviewing the entire record *de novo*, the Court concludes that plaintiff Selby's objections are without merit and do not preclude the Court from entering summary judgment in favor of the defendants under Fed. R. Civ. P. 56.  Selby's objections [Court Doc. No. 109] are DENIED. It would serve no useful purpose for the Court to address each of the many objections and go through the exercise of essentially reiterating the facts and conclusions of law which are already set forth in the well reasoned report and recommendation.

The Court ACCEPTS and ADOPTS the report and recommendation [Court Doc. No. 107] pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  The defendants' motion for summary judgment [Court Doc. No. 83] is GRANTED under Fed. R. Civ. P. 56.  Accordingly, plaintiff Selby's entire complaint is DISMISSED WITH PREJUDICE as to all claims brought against all of the defendants.

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(4)(B), this Court certifies that any appeal by plaintiff Selby from the decision and judgment in this case would not be taken in good faith. *McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997).  In the event that plaintiff Selby takes an appeal to the Sixth Circuit Court of Appeals, this District Court shall assess and require him to pay the $455.00 appeal filing fee pursuant to 28 U.S.C. § 1915(b)(1), unless he is barred from proceeding *in forma pauperis* by the "three strikes" rule in 28 U.S.C. 1915(g).  If plaintiff Selby is barred by the "three strikes" rule in 28 U.S.C. 1915(g), then he shall be required to pay the $455.00

appeal filing fee in one lump sum.

      A separate judgment will be entered.

      SO ORDERED

      Date:  February 20, 2012.


                                      */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                        UNITED STATES DISTRICT JUDGE